IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.  No. 17-30199-DRH

MICHAEL S. DAVENPORT
and CYNTHIA L. RAWLINSON,

Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

## Introduction and Background

Now before the Court is defendant's Davenport's motion for return of property (Doc. 38). Specifically, defendant moves pursuant to Federal Rule of Criminal Procedure 41(g) for the return of $104,000 seized from him by the Arkansas Police Department at the Bill and Hillary Clinton National Airport in Little Rock, Arkansas. The government opposes the motion (Doc. 42). Based on the following, the Court **DENIES** the motion without a hearing.

On December 12, 2017, the grand jury returned a seven count indictment for conspiracy to commit wire fraud – 18 U.S.C. § 1349, and wire fraud – 18 U.S.C. § 1343 against Michael S. Davenport and Cynthia S. Rawlinson, and a forfeiture allegation against Davenport which seeks forfeiture of, *inter alia*, "$104,000.00 in United States currency seized from Michael Davenport at the Bill and Hillary

Clinton National Airport in Little Rock, Arkansas;" (Doc. 1).[1] The indictment arises from Davenport's operation of a telemarketing business located in Santa Barbara, California. On March 6, 2018, Magistrate Judge Wilkerson arraigned Davenport and released him on personal recognizance bond (Docs. 23 & 25).

Prior to the criminal case, a civil complaint for forfeiture regarding the $853,210.11 was filed in this judicial district and assigned to District Judge Staci M. Yandle. *See United States v. $853,210.11 in United States Currency*, 17-00238-SMY-RJD. This civil forfeiture case is stayed pending the outcome of this criminal matter.

## Analysis

Davenport argues that the pretrial restraint of his legitimate untainted assets needed to retain counsel and to be used in his defense violates his sixth amendment right to counsel. Davenport contends that he has a vested fundamental right to counsel and that the government has no constitutional right or interest in his untainted funds; that these funds are clearly traceable to untainted loan proceeds and not the alleged profits from this criminal case and that all the businesses which are subject to the indictment ceased doing any and all business almost immediately after the warrants were executed on or about October 5, 2016 and that all proceeds from those businesses were seized by the government. He

---

[1] The forfeiture allegation also includes $853,210.11 in United States Currency seized from a business known as Priority Payment Systems, which funds were owned by or being held on behalf of or under the names of Michael Davenport, Susan Quinn, American Standard Online, Housing Standard, LLC, Anchor House Financial, MDSQ Productions LLC, Housing Standard Com, American Standard Online Com, and Your American Standard and $27,855,821 in United States Currency which the government believes is the calculation of the total loss to the victims.

maintains that the seizure of these untainted funds has a chilling effect on his fundamental right to counsel of his choosing as without these innocent loan proceeds he would be unable to pay counsel and fund his defense as his income has been severely limited and all savings depleted. The government, in turn, argues that Davenport's motion fails for two reasons: first, he has not established a bona fide need to use the $104,000 for his defense in this case, and second, the $104,000 that was seized from Davenport's suitcase is tainted by the conspiracy to defraud because that property was obtained either directly or indirectly via the fraud scheme. The Court agrees with the government's reasoning.

It is a matter long settled that the government may seize criminal defendants' assets, even if the seizure interferes with the defendants' ability to pay legal fees, so long as there is "probable cause to believe that the assets are forfeitable." *United States v. Monsanto*, 491 U.S. 600, 615 (1989); *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 631 (1989) ("[T]here is a strong governmental interest in obtaining full recovery of all forfeitable assets, an interest that overrides any Sixth Amendment interest in permitting criminals to use assets adjudged forfeitable to pay for their defense."). What is not settled is "whether due process requires ... a probable cause hearing to support restraint of assets prior to trial...." *United States v. Jamieson*, 427 F.3d 394, 406 (6th Cir. 2005) (noting that "the Supreme Court specifically refrained from" answering this question (citing *Monsanto*, 491 U.S. at 615 n.10) ); *Kaley v. United States*, 134 S. Ct. 1090,

1095 n.3 (2014). In addressing whether a hearing is needed the Seventh Circuit stated:

> In *Moya–Gomez,* 860 F.2d at 730, we held that a defendant in such circumstances has a limited due process right to contest the Government's forfeiture allegation if the pretrial seizure of his assets would prevent him from hiring the counsel of his choice. In particular, *Moya–Gomez* held that if "the defendant presents a bona fide need to utilize assets subject to the restraining order to conduct his defense" and "the district court finds that the defendant does not have other assets from which such payments can be made," the court "then must require the government to demonstrate the basis for its assertion, contained in the indictment, that the assets are subject to forfeiture." *Id.* With regard to the specific process that was due, we held that such a defendant was entitled to "an immediate, postrestraint, adversary hearing" upon making the requisite showing of bona fide need. *Id.* at 731. In subsequent cases, we have clarified that in order to demonstrate a "bona fide need" a defendant must do more than "submit[ ] a bare-bones affidavit asserting that he personally lack[s] sufficient funds to obtain counsel of his choice." *Kirschenbaum,* 156 F.3d at 792.

*United States v. Kielar*, 791 F.3d 733, 739 (7th Cir. 2015)(defendant did not demonstrate a bona fide need for the assets to conduct his defense where defendant submitted no documentary evidence other than unsubstantiated affidavit).

Here, the Court finds that Davenport's motion is woefully insufficient. The sole allegation in the motion as to the bona fide needs is "[i]t is in these funds defendant herein seeks the return of so he may retain and pay counsel of his choosing and fund his defense pursuant to the Sixth Amendment of the United States Constitution." (Doc. 38, p. 8). This conclusory statement is plainly not enough to show a bona fide need for the seized funds. Further, Davenport's attorney's "Declaration in Support of Order" is of no assistance. In that document, Mr. Karow simply points out that the discovery in this case is extensive and that

trial could last a couple of weeks. While the document does state that that Mr. Karow believes that his client does not have the necessary funds to pay the costs of trial and an attorney, the Court finds that without any evidence or information in support the motion and affidavit are insufficient. The absence of any documentary evidence showing a bona fide need for the restrained funds is fatal to his motion. Thus, the Court finds that Davenport has not demonstrated he has a bona fide need for the $104,000 in case to pay for his legal defense.

## Conclusion

Accordingly, the Court **DENIES** the motion for return of property (Doc. 38).

**IT IS SO ORDERED.**

Judge Herndon
2018.08.24 16:11:25
-05'00'

**United States District Judge**